UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERREL STATON, et al.,
    Plaintiffs,

v.

JOHN HOLZBACH, et al.,
    Defendants.

No. 3:20-cv-631 (SRU)

**INITIAL REVIEW ORDER**

Terrel Staton, currently confined at Carl Robinson Correctional Institution in Enfield, Connecticut and proceeding *pro se*, filed this complaint under 42 U.S.C. § 1983.[1] The complaint lists the following thirty-five individuals as defendants: Assistant State's Attorneys John Holzbach and Stephen Sedensky III; Judges Gary White, Patrick Carrol, and Frank Ianotti; Special Public Defender Vicky Hutchinson; the State of Connecticut; Danbury Police Department Investigating Detectives Daniel Trompetta, Craig Martin, Mark Williams, Ehrhart, Bruce, Bishop, and Ferrell; Danbury Police Officers Peterson, Ronald Inconstanti, Isaiah Pitts, John Basil, and Shaun McColgan; the estate of Danbury Police Office John Hassiak; Danbury Police Sergeant Lajoie; Connecticut State Trooper Caccievelli; Brookfield Police Officer Rodrigues; Attorney Sharmese Hodge; Special Public Defenders Jennifer DeCastro Tunnard and Dennis P. McDonough; the Danbury News-Times; Thomas Selgado; Jamie Lafountaine; 37-B Davis St. Resident; Laura Lawhon; the estate of Della Brown; Counselor Mims, Warden Erfy; and Bill Russ (collectively, "Defendants").[2] Compl., Doc. No. 1, at 7–9.

---

[1] Staton's complaint also names Ezra Staton as a plaintiff. The complaint was received on May 7, 2020, doc. no. 1, and his motion to proceed *in forma pauperis* was granted on June 2, 2020, doc. no. 9.

[2] Although the docket currently lists Craig Williams as a defendant, that name is not referenced in the complaint. Accordingly, the Clerk is directed to terminate Craig Williams as a defendant.

Staton generally alleges that Defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.[3] *See* Compl., Doc. No. 1, at 3. He seeks damages as well as declaratory and injunctive relief. *Id*. at 5, 63.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include enough facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conclusory allegations will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to *pro se* litigants).

I.   Allegations[4]

On June 6, 2018, Staton was asleep in his vehicle at 37 Davis Street in Danbury, Connecticut. Compl., Doc No. 1, at ¶ 146. The police received an anonymous call and reported

---

[3] In response to the question "what federal constitutional or statutory right(s) do you claim is/are being violated," Staton wrote "4, 5, 6, 8, 14 U.S.C.A. rights." *See* Compl., Doc. No. 1, at 3. I assume Staton intended to reference constitutional amendments rather than sections of the United States Code.

[4] Because any claims arising solely from actions that occurred before April 20, 2017 may be time-barred as I explain below, I recite only the events that transpired on or after April 20, 2017, and I assume those facts to be true and draw all reasonable reference in Staton's favor. *See Ashcroft*, 556 U.S. at 678–79.

to the scene; a resident of 37-B Davis Street had falsified a report that drug activity was taking place behind the residence. *See id.*

In October 2018, Staton was given the choice of a six-month term of imprisonment or trial with a possible sentence of fifteen years. *See id.* at ¶ 147. Prosecutor Stephen Sedensky did not "relieve" Staton of the charges, and on November 28, 2018, Staton was sentenced to a six-month term of imprisonment. *See id.* at ¶ 146.

On March 6, 2019, Staton was attending a program at M.C.C.A. in Waterbury, Connecticut when his urine sample tested positive for cocaine. *See id.* at ¶ 148. Around a month later, on April 10, 2019, Staton was hired as a spring-cleaning laborer. *Id.* at ¶ 149. Because of work obligations, he missed classes at M.C.C.A. and was ultimately terminated from the program. *See id.*

Probation Officer Bill Russ advised Staton that the program was more important than his job, to which Staton responded, "just put me back in jail." *See id.* at ¶ 150. Russ then prepared a warrant, and on May 14, 2019, Staton was arrested for violation of probation based on the positive drug test. *See id.* at ¶ 151. Staton is currently "serving the probation phase of his sentence 17 yrs. suspended after 9 yrs. with 3 yrs. consecutive by a non-drug dependent with five yrs. of probation." *Id.* at ¶ 152.

## II. Discussion

### A. Ezra Staton

Although Ezra Staton is listed as a plaintiff in the case caption, he has not signed the complaint in accordance with Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(a) (requiring all self-represented parties to sign every pleading). In addition, Ezra Staton has not tendered the filing fee or submitted a motion to proceed *in forma pauperis*. The governing law,

28 U.S.C. §§ 1914(a) and 1915(a), however, obligates plaintiffs to pay the filing fee or file an application to proceed *in forma pauperis* demonstrating their inability to pay the fee. For those reasons, and because Terrel Staton has also not paid the filing fee, all claims asserted by Ezra Staton are **dismissed without prejudice**.

B. Statute of Limitations

To the extent Staton seeks to pursue claims against defendants whose alleged misconduct occurred prior to April 20, 2017, those claims are dismissed without prejudice.

Staton's complaint consists of 72 pages describing events that took place over the course of two decades. The limitations period for filing a section 1983 action in Connecticut, however, is three years, *Thompson v. Rovella*, 734 F. App'x 787, 788–89 (2d Cir. 2018), and those claims accrue when Staton knew "or ha[d] reason to know of the injury which is the basis of his action," *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (citation omitted). Prisoner complaints are considered filed on the day the prisoner gives the complaint to prison officials for delivery to the district court. *Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019). Because Staton signed his complaint on April 20, 2020 and presumably gave it to prison officials for mailing on that date, any claims that accrued before April 20, 2017 may be time-barred.

The failure to file a claim within the statute of limitations period is an affirmative defense, however, and I may not *sua sponte* dismiss the complaint on those grounds without providing Staton notice and an opportunity to be heard. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (holding that it was error for the district court to *sua sponte* dismiss a prisoner's complaint with prejudice on the basis of an anticipated statute-of-limitations defense without granting the prisoner notice and an opportunity to be heard). Although several courts have dismissed prisoner complaints with prejudice as time-barred without providing such notice when

"the facts supporting the statute of limitations defense" are articulated in the complaint, *see, e.g., Cordero v. Semple*, 2016 WL 7175586, at *3 (D. Conn. Dec. 8, 2016), *aff'd*, 696 F. App'x 44 (2d Cir. 2017) (citation omitted), that exception does not apply here because it is not clear from the face of the complaint whether Staton might have a meritorious tolling argument. I will therefore afford Staton an opportunity to amend his complaint to show why the claims arising out of events that occurred before April 20, 2017 are timely. *See Harnage v. Dzurenda*, 2015 WL 144790, at *1 (D. Conn. Jan. 12, 2015) (noting that the court complied with the *Abbas* requirement by affording the prisoner an opportunity to amend his complaint to allege facts demonstrating that it was timely filed). Accordingly, those claims are **dismissed without prejudice.**

C.  2018 Arrest

Although it is not clear from the complaint which claims Staton is advancing with respect to his arrest in 2018, I construe his claims as ones for malicious prosecution and abuse of process against Sedensky, as well as for false arrest and defamation.

1.  *Malicious Prosecution and Abuse of Process Claims*

To the extent Staton premises his malicious prosecution and abuse of process claims on Sedensky's decision to pursue rather than dismiss the charge against Staton, those claims cannot proceed.

As a prosecutor, Sedensky is protected from suit by prosecutorial immunity. Absolute immunity "attaches to prosecutorial functions that are intimately associated with initiating or presenting the State's case." *Flagler v. Trainor*, 663 F.3d 543, 546–47 (2d Cir. 2011); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 422–28 (1976). Because the decision whether to pursue or dismiss charges constitutes "conduct in

5

furtherance of prosecutorial functions that are intimately associated with initiating or presenting the State's case," *Flagler*, 663 F.3d at 546, Sedensky is immune from suit. For that reason, and because any amendments would be futile, the malicious prosecution and abuse of process claims against Sedensky are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b)(2).

### 2. *False Arrest Claim*

To the extent Staton lodges a false arrest claim arising out of the 2018 arrest, that claim also fails.

"When evaluating section 1983 claims for false arrest and false imprisonment, the federal court looks to state law." *Torres v. Town of Bristol*, 2015 WL 1442722, at *5 (D. Conn. Mar. 27, 2015). Under Connecticut law, "[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Jordan v. Town of Windsor*, 2018 WL 1211202, at *6 (D. Conn. Mar. 8, 2018) (citation omitted). One element of a false imprisonment claim is favorable termination of the charges for which the plaintiff was arrested. *See Torres v. Town of Bristol,* 2015 WL 1442722, at *5 (D. Conn. Mar. 27, 2015); *see also Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (under Connecticut law, "favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853–54 (2d Cir. 1992)).

In the present case, because Staton alleges that he served a six-month sentence for the charge, compl., doc. no. 1, at ¶ 146, the charges could not have been terminated in his favor. For that reason, and because any amendment would be futile, the false imprisonment claim is **dismissed with prejudice** under 28 U.S.C. § 1915A(b)(1).

    3. *Defamation Claim*

Because all federal law clams set forth in the complaint are dismissed, for the reasons I explain further below, I decline to exercise jurisdiction over the state law defamation claim arising from the allegedly false statement that was presumably used to support Staton's arrest.[5]

"The exercise of supplemental jurisdiction is within the sound discretion of the district court." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013). In determining whether to exercise such jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity." *Id*. When "all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination." *Id*. (citation omitted).

Here, because all of the federal claims have been dismissed early in the action, I decline to exercise supplemental jurisdiction over the defamation claim. *See Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 238 (E.D.N.Y. 2015) ("In light of the dismissal of all federal claims early in this action, and upon consideration of all relevant factors, namely judicial economy, convenience, fairness and comity, insofar as the amended complaint may be deemed to state any cognizable claims under state law, the Court declines to exercise supplemental jurisdiction over such claims."). Accordingly, Staton's defamation claim is **dismissed without prejudice**.

---

[5] To establish a *prima facie* case of defamation under Connecticut law, a plaintiff must establish the following: "(1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Skakel v. Grace*, 5 F. Supp. 3d 199, 206 (D. Conn. 2014).

D. <u>2019 Arrest</u>

Although it is likewise unclear which claims Staton is raising with respect to his arrest in 2019, I construe his claims as ones sounding in false arrest, malicious prosecution, abuse of process, deliberate indifference, and unequal protection of the law.[6]

1. *False Arrest Claim*

To the extent Staton propounds a false arrest claim arising from Probation Officer Russ's issuance of the violation of probation warrant, that claim is not cognizable because the complaint indicates that Staton was found guilty of the charges.  *See* Compl., Doc. No. 1, at ¶ 152; *Torres v. Town of Bristol*, 2015 WL 1442722, at *5 (D. Conn. Mar. 27, 2015) ("One of the elements of a false arrest claim under section 1983 in Connecticut is the favorable termination of the charges for which the plaintiff was arrested.").  Because any amendment would be futile, that claim is **dismissed with prejudice** under 28 U.S.C. § 1915A(b)(1).

2. *Malicious Prosecution*

Staton also seems to contend that his violation of probation sentence was a product of malicious prosecution.  *See* Compl., Doc. No. 1, at ¶ 153 (alleging that the sentence "promot[ed] . . . sham prosecution").  That claim is not viable.

Malicious prosecution claims are governed by the laws of the state in which the criminal action took place and, under Connecticut law, a plaintiff must prove: "(1) a criminal action was instituted by the defendant against the plaintiff; (2) the action was motivated by malice; (3) there

---

[6] To the extent Staton also advances a due process claim, he has failed to distinguish between that claim and his false arrest, malicious prosecution, and abuse of process claims.  Accordingly, I construe any due process claim as one for false arrest, malicious prosecution, and abuse of process.  *See McCarthy v. Roosevelt Union Free Sch. Dist.,* 2017 WL 4155334, at *4 (E.D.N.Y. Sept. 19, 2017) (taking a similar approach and construing duplicative claims, including due process and false arrest claims, as one claim for false arrest); *Simon v. City of New York*, 2017 WL 57860, at *5 (S.D.N.Y. Jan. 5, 2017) (dismissing due process claim as duplicative of false arrest claim).

was an absence of probable cause to prosecute; and (4) the action terminated favorably for the plaintiff." *Harvey v. Town of Greenwich*, 2019 WL 1440385, at *5 (D. Conn. Mar. 31, 2019) (citation omitted).

Here, any malicious prosecution claim fails for the same reason as the false arrest claim: the complaint indicates that Staton was found guilty of the charges and, therefore, the case was not terminated favorable in Staton's favor. Because any amendment would be futile, that claim is **dismissed with prejudice** under 28 U.S.C. § 1915A(b)(1).

3. *Abuse of Process Claim*

To the extent Staton also advances a claim for abuse of process, that claim likewise cannot proceed.

Under Connecticut law, "[a]n action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." *See Passaro-Henry v. Allstate Ins. Co.*, 2010 WL 5174405, at *3 (D. Conn. Dec. 15, 2010) (citation omitted). "Abuse of process requires conduct (1) occurring after the issuance of process and (2) intended *primarily* to accomplish a purpose for which the process is not designed." *Id*. (emphasis in original).

In the present case, Staton has not set forth any factual basis to support a claim that the defendants pursued the 2019 arrest and subsequent criminal proceedings primarily for an improper purpose. Indeed, Staton does not allege that the defendants arrested him for any reason other than the probation violations. *See* Compl., Doc. No. 1, at ¶¶ 149–51. Moreover, even if the defendants' motives were improper, "[s]o general an allegation of abuse does not satisfy the requirement of showing the use of legal process *primarily* to accomplish a purpose for which it is not designed." *Passaro-Henry v. Allstate Ins. Co.,* 2010 WL 5174405, at *5 (D. Conn. Dec. 15,

2010) (citation omitted).  Accordingly, the abuse of process claim is **dismissed without prejudice** under 28 U.S.C. § 1915A(b)(1).

    4.  *Equal Protection Clause Claim*

Staton also appears to assert violations of the Equal Protection Clause arising out of his 2019 sentence.  *See* Compl., Doc. No. 1, at ¶ 153 (alleging that the sentence "promot[ed] . . . inequality of the law").  Any such claim is also not colorable.

The Equal Protection Clause protects individuals from arbitrary or invidious discrimination.  *Petitpas v. Martin*, 2018 WL 5016997, at *5 (D. Conn. Oct. 15, 2018).  It does not mandate identical treatment for each individual; rather, it requires that "all persons similarly situated should be treated alike."  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Accordingly, to state an equal protection claim, "a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination."  *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).  "Conclusory allegations of disparate treatment" will not suffice.  *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 280 (N.D.N.Y. 2012).

 A plaintiff may also pursue an equal protection claim under the "class of one theory." To establish such a claim, he or she must allege that (1) he or she has been intentionally treated differently than other similarly situated; and (2) there is no rational basis for the disparity in treatment.  *See Holmes v. Haugen*, 356 F. App'x. 507, 509 (2d Cir. 2009); *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. Dec. 14, 2016).

In this case, Staton has not proffered any facts that would support a claim under the Equal Protection Clause.  In particular, he has not alleged that he was a member of a protected class or that he was treated differently than others similarly situated.  Without any such allegations, I

10

cannot conclude that Staton has stated a viable equal protection claim.  The claim is therefore **dismissed without prejudice** under 28 U.S.C. § 1915A(b)(1).

      5.  *Eighth Amendment – Deliberate Indifference Claim*

Staton's complaint additionally suggests that he is challenging his 2019 sentence as violative of the Eighth Amendment.  Compl., Doc. No. 1, at ¶ 153 (alleging that the "sentence" promotes "deliberate indifference").  That claim cannot stand.

Deliberate indifference to serious medical needs exists when an official "knows that [an] inmate[ ] faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  The deliberate indifference standard "embodies both an objective and a subjective prong."  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious," meaning that the condition must be "one that may produce death, degeneration, or extreme pain."  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).  Subjectively, the defendants must have been "actually aware of a substantial risk" that the plaintiff would suffer serious harm as a result of their conduct.  *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

In the present case, the complaint sets forth no factual basis suggesting that Staton faced a substantial risk of serious harm while serving his sentence or that any of the defendants had a sufficiently culpable mind.  Accordingly, his Eighth Amendment claims are **dismissed without prejudice** under 28 U.S.C. § 1915A(b)(1).

11

6. *Challenge to State Conviction*

Lastly, Staton avers that his violation of probation conviction and sentence for possession with intent to sell drugs by a non-drug-dependent person are unlawful because he was demonstrably drug-dependent at the time. *See* Compl., Doc. No. 1, at ¶ 153. That claim, however, is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that a section 1983 claim is not cognizable when a judgment in the plaintiff's favor would necessarily imply the invalidity of the plaintiff's underlying conviction or sentence, unless the plaintiff can prove that the "sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87.

Because Staton's claims directly challenge his conviction and sentence, a ruling in Staton's favor would undoubtedly call into question their validity. Moreover, Staton has not articulated any facts that suggest that his conviction has been invalidated in any of the ways set forth in *Heck*, and a search of Staton in Connecticut state and federal court databases revealed no records indicating as much. *Heck* therefore forecloses his challenges to his conviction and sentence, and any such claim is **dismissed without prejudice** to Staton challenging the conviction or sentence through a petition for writ of habeas corpus in a separate action.

## III.    Conclusion

For the foregoing reasons, Staton's complaint is **dismissed**. In particular, the malicious prosecution and abuse of process claims against Sedensky arising out of the 2018 arrest are **dismissed with prejudice**, as is the false arrest claim. The malicious prosecution and false arrest claims arising out of the 2019 arrest are also **dismissed with prejudice**. The challenge to

his violation of probation conviction is **dismissed without prejudice** to Staton challenging the conviction through a petition for writ of habeas corpus in a separate action.

I will afford Staton forty-five days from the date of this order to amend his complaint to correct the deficiencies that I identified with respect to all other claims—namely, the claims premised on events that transpired before April 20, 2017 and the defamation claim sounding in the 2018 arrest, as well as the abuse of process, equal protection, and deliberate indifference claims sounding in the 2019 arrest and subsequent conviction.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of October 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge